FILED

NOT FOR PUBLICATION

MAY 23 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TONY NURDIN, | No. 10-70324 |
| Petitioner, | Agency No. A099-737-412 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 15, 2012[**]

Before: CANBY, GRABER, and M. SMITH, Circuit Judges.

Tony Nurdin, a native and citizen of Indonesia, petitions for review of the

Board of Immigration Appeals' order dismissing his appeal from an immigration

judge's decision denying his application for asylum, withholding of removal, and

protection under the Convention Against Torture ("CAT"). We have jurisdiction

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

under 8 U.S.C. § 1252.  We review for substantial evidence the agency's factual findings, *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009), and we review de novo due process claims, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004).  We deny the petition for review.

The agency concluded that Nurdin failed to establish past persecution because his experiences, including harassment, robberies, and damage to his home during the 1998 riots, did not rise to the level of persecution.  Taking Nurdin's testimony as true, the record does not compel a contrary conclusion.  *See Wakkary*, 558 F.3d at 1059-60; *Hoxha v. Ashcroft*, 319 F.3d 1179, 1182 (9th Cir. 2003).  Additionally, substantial evidence supports the agency's conclusion that Nurdin failed to demonstrate the requisite individualized risk to establish a well-founded fear of future persecution.  *See Halim v. Holder,* 590 F.3d 971, 979 (9th Cir. 2009); *cf. Sael v. Ashcroft*, 386 F.3d 922, 927-29 (9th Cir. 2004).  Accordingly, his asylum claim fails.

Because Nurdin failed to establish eligibility for asylum, he necessarily fails to meet the higher standard of eligibility for withholding of removal. *See Zehatye v. Gonzales,* 453 F.3d 1182, 1190 (9th Cir. 2006).

In addition, the record does not compel the conclusion that Nurdin faces a likelihood of torture by, or with the consent or acquiescence of, the Indonesian

10-70324

government.  *See Wakkary*, 558 F.3d at 1067-68.  Accordingly, his CAT claim fails.

Finally, given our above conclusions, we reject Nurdin's due process contention regarding the exclusion of his brother's testimony, which relates only to the agency's alternative credibility finding.  *See Lata v. INS,* 204 F.3d 1241*,* 1246 (9th Cir. 2006) (requiring prejudice to prevail on due process claim).

**PETITION FOR REVIEW DENIED.**